1  Michael A. Taitelman, Esq. (SBN 156254)
   FREEDMAN & TAITELMAN, LLP
2  1901 Avenue of the Stars, Suite 500
   Los Angeles, CA 90067
3  Tel: (310) 201-0005
4  Fax: (310) 201-0045
   Email: mtaitelman@ftllp.com
5
   Attorneys for Plaintiff CryoLife, Inc.
6
   Susan M. Spaeth, Esq. (SBN 142652)
7  TOWNSEND and TOWNSEND and CREW LLP
   379 Lytton Avenue
8  Palo Alto, CA 94301
   Tel: (650) 326-2400
9  Fax: (650) 326-2422
10 Email: smspaeth@townsend.com

11 Attorneys for Respondent Tenaxis Medical, Inc.

12

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15 | CRYOLIFE, INC., a Florida corporation,  | CASE NO. C 08-05124 HRL

16 |            Petitioner,                  | **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF**
17 |       v.                                | **DOCUMENTS**
18 | TENAXIS MEDICAL, INC., a Delaware       |    **(MODIFIED BY THE COURT)**
   | corporation,
19 |
   |            Respondent.
20 |

21

22         Upon consideration of CryoLife, Inc.'s ("CryoLife") Petition for Discovery, under 28

23 U.S.C. § 1782, and for good cause shown, IT IS HEREBY ORDERED:

24         The parties to the above-captioned case ("the Parties") are hereby ordered to

25 comply with the following provisions concerning the confidentiality of certain documents that

26 will be produced by Tenaxis Medical, Inc. ("Tenaxis") to CryoLife in accordance with the

27 Court's order compelling such discovery, dated January 13, 2009.  **Nothing in this order should be construed as purporting to bind the German tribunal or its designees or as superceding**
28 **or otherwise modifying any applicable German laws or rules.**

1. The term "Confidential Information" (as defined in Paragraph 3 herein) includes all information and documents that constitute or disclose trade secrets or other confidential or proprietary information. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

2. Confidential Information shall be disclosed, disseminated and used only for purposes of *CryoLife, Inc. v. Tenaxis Medical, Inc.,* filed on October 30, 2008 in the Düsseldorf Regional Court (the "German Action"). Except with the prior written consent of Tenaxis, or upon prior order of this Court after notice to Tenaxis and the opportunity for Tenaxis to be heard by this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

3. In producing any documents or deposition testimony, Tenaxis may mark or designate in good faith as "Confidential" or "Highly Confidential – Outside Counsel Eyes Only" all or any part thereof constituting or disclosing a trade secret or other confidential research, development, or commercial information. The designation "Highly Confidential – Outside Counsel Eyes Only" shall be limited to information that Tenaxis reasonably believes to contain a trade secret, to be of a competitively sensitive nature, or should otherwise be subject to confidential treatment (such as documents reflecting, containing or derived from confidential information regarding technology, confidential product parameters, pricing, cost, marketing, strategic planning, or patients).

4. Tenaxis shall designate such Confidential Information by stamping or affixing a legend in the form of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" on each page of each document and/or other significant component of any other objects containing Confidential Information with the appropriate designation as required.

5. Deposition transcripts shall presumptively be considered to have been designated "Highly Confidential – Outside Counsel Eyes Only" for a period of fourteen (14) days

1  following service of the transcript. In the interim and upon further review of the transcript,

2  Tenaxis may redesignate all or portions of the transcript as "Confidential" or "Highly

3  Confidential – Outside Counsel Eyes Only," which designation shall remain in effect for the

4  duration of this Order. If Tenaxis makes such a designation, it must advise counsel of record and

5  the court reporter of any changes to the original designation. The court reporter shall mark the

6  face of the transcript appropriately. If any portion of a videotaped deposition is designated

7  pursuant to this Paragraph, the videocassette or other videotape, CD-ROM or DVD container

8  shall be labeled with the appropriate legend.

9        6.     Subject to the provisions of Paragraphs 8, 9 and 10 herein, documents or

10  information designated "Confidential" and any summary, description or report containing or

11  disclosing such documents or information, may only be disclosed by CryoLife to and used by the

12  following persons:

13        (a)     The German tribunal or its designees;

14        (b)     Employees of CryoLife, but only on a need to know basis, and only upon

15  express prior approval by counsel for Tenaxis, which approval will not be unreasonably withheld;

16        (c)     Jeff Burris, Esq. (general counsel for CryoLife) and his legal assistant, to

17  the extent necessary for and solely for the purpose of assisting in prosecuting or defending the

18  German Action;

19        (d)     Outside U.S. and German litigation counsel, and their legal staff, to the

20  extent necessary for and solely for the purpose of assisting in prosecuting or defending the

21  German Action;

22        (e)     Experts retained by counsel for CryoLife to the extent necessary for and

23  solely for the purposes of assisting in prosecuting or defending the German Action; ~~and~~

24        (f)     A witness testifying in a deposition on behalf of Tenaxis. **and**

      **(g)**     **This court and its personnel.**

25        7.     Subject to the provisions of Paragraph 8 herein, documents or information

26  designated "Highly Confidential – Outside Counsel Eyes Only" and any summary, description or

27  report containing or disclosing such documents or information, may only be disclosed to and used

28

1  by the persons identified in subparagraphs (a) and (d) through (f).  In addition, documents or
2  information designated "Highly Confidential Outside Counsel Eyes Only" may be reviewed by
3  Jeff Burris, Esq. but only if such review takes place in the offices of CryoLife's outside counsel,
4  in which case Mr. Burris shall not be permitted to make or retain copies or notes containing
5  excerpts of such Confidential Information.

6        8.     No Confidential Information shall be revealed or disclosed, in whole or in
7  part, directly or indirectly, to any individual described in subparagraph (a) of Paragraph 6 until
8  CryoLife first obtains a ruling from the German court in the German Action that Tenaxis'
9  Confidential Information will be kept confidential.

10       9.     No Confidential Information shall be revealed or disclosed, in whole or in
11 part, directly or indirectly, to any individual described in subparagraphs (b), (c), (d) or (e) of
12 Paragraph 6 until that individual has been given a copy of this Order and has duly completed and
13 signed a declaration agreeing to the jurisdiction of this Court over such individual, such
14 jurisdiction being limited solely for the purpose of enforcement of this Order, and agreeing to
15 comply with this Protective Order in the form attached hereto as Exhibit A, the original of which
16 shall be retained, until the conclusion of this action including all appeals, by counsel for
17 CryoLife, and a copy of which shall be provided within five (5) days of execution by counsel for
18 CryoLife to counsel for Tenaxis.

19       10.     No less than five (5) business days prior to the initial disclosure to a
20 proposed expert of Confidential Information, CryoLife shall submit in writing the name of such
21 proposed expert and his or her educational and employment history to Tenaxis.  If Tenaxis
22 objects to the disclosure of such Confidential Information to such proposed expert as inconsistent
23 with the language or intent of this order or on other grounds, it shall notify CryoLife in writing of
24 its objection and the grounds therefore prior to the initial disclosure.  If the dispute is not resolved
25 on an informal basis within two (2) business days of receipt of such notice of objections,
26 CryoLife may submit each objection to this Court **(or the German Court, if appropriate)** for a ruling.  The submission of such
27 Confidential Information to such proposed expert shall be withheld pending the ~~ruling of this~~ **resolution of any such motion.**
28

---
PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS     4
Case No. C 08-05124 HRL

~~Court.~~

11. "Confidential Information" shall not include documents or information that (i) were in the possession of CryoLife prior to its receipt from Tenaxis under this Order; (ii) are or become public knowledge through no action of CryoLife; (iii) are or become rightfully available on an unrestricted basis to CryoLife from a source other than Tenaxis; or (iv) become available on an unrestricted basis to a third party from Tenaxis or from someone acting under its control.

12. If CryoLife disagrees with any Confidential Information designation, CryoLife shall first make its objection known to Tenaxis and request a change of designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, CryoLife may request appropriate relief from the Court no sooner than four (4) business days following the service by CryoLife of a written notice of disagreement. Until a determination by the Court, the information in issue shall be treated as Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by CryoLife that the material constitutes or contains a trade secret or other confidential or proprietary information. Nothing herein shall alter the burden of proof with respect to the confidentiality of any information.

13. Any person ~~receiving~~ **subject to this order who receives** Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the party or person responsible for the disclosure will immediately inform counsel for Tenaxis of all facts pertinent to the disclosure and, without prejudice to other rights and remedies of any party, make immediate and reasonable good faith efforts to retrieve such Confidential Information and to prevent further unauthorized disclosure of it. Counsel for CryoLife will keep counsel for Tenaxis informed of all remedial efforts and the results thereof on a timely basis. If Tenaxis deems CryoLife's effort insufficient, then the parties will attempt to reach agreement on an appropriate further remedial effort during the following 24 hours. If agreement cannot be reached within that timeframe, or within an otherwise mutually agreed

1   timeframe, then CryoLife (or at Tenaxis' option, Tenaxis) ~~will~~ **may** bring the issue to the Court ~~as an~~

2   ~~emergency motion~~ and seek guidance regarding an appropriate remedial measure under the

3   circumstances.  **Any request to have a motion heard on shortened time must be made in compliance with Civil Local Rule 6.**

4       14. The inadvertent or mistaken disclosure of Confidential Information does

5   not waive Tenaxis' claim of confidentiality.  If Tenaxis inadvertently or mistakenly produces

6   Confidential Information without an appropriate designation of confidentiality, Tenaxis shall

7   promptly notify CryoLife when inadvertent production is discovered.  Upon receiving written

8   notice that material has been inadvertently or mistakenly produced without an appropriate

9   designation of confidentiality, CryoLife will immediately begin treating the material as

10  Confidential Information under this Order and either mark the material as directed by Tenaxis or

11  return it to Tenaxis for marking.

12      15. The inadvertent or mistaken production of information subject to a claim of

13  attorney-client privilege, work product protection, or any other immunity from discovery shall not

14  be deemed a waiver or impairment of any such privilege or protection.  Upon receiving written

15  notice of such inadvertent or mistaken production of privileged or otherwise protected

16  information, all such information, and all copies thereof, shall be returned to counsel for Tenaxis,

17  and CryoLife shall not use such information unless authorized by a court of competent

18  jurisdiction.

19      16. If CryoLife receives a request or subpoena for production or disclosure of

20  documents that Tenaxis designates as Confidential Information under this Order, it shall within

21  five business days of service of the request or subpoena, give email, facsimile or other reasonable

22  written notice to counsel for Tenaxis identifying the information sought and enclosing a copy of

23  the subpoena or request.  The person subject to the subpoena or other request shall not produce or

24  disclose the requested Confidential Information without consent of Tenaxis until ordered to do so

25  by a court of competent jurisdiction.  Nothing in this Order shall be construed as prohibiting

26  production of Confidential Information covered by this Order in response to a lawful Court order.

27

28

1        17.    If CryoLife receives a written opinion of counsel that Confidential Information must be disclosed under applicable securities laws or stock exchange rules (NYSE Euronext), at least four (4) business days prior to such disclosure CryoLife shall provide Tenaxis with an explanation about what information must be disclosed and an explanation about why the information must be disclosed. CryoLife may proceed with the disclosure. Nothing in this Order shall be construed as prohibiting disclosure of Confidential Information under the circumstances described within this paragraph absent Court order to the contrary.

18.    This Protective Order shall survive the termination of this action.

19.    (a)    Within sixty (60) days after entry a of final judgment and the exhaustion of all appeals in the German Action, all Confidential Information shall be destroyed by all persons subject to this Order or shall be returned to Tenaxis. If destroyed, each entity who receives Confidential Information will certify such destruction. **Nothing in this order should be construed as requiring any court to return or destroy its files.**

(b)    Notwithstanding the foregoing, Bill Long, U.S. counsel of record for CryoLife, may maintain in his files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information. Bill Long, U.S. counsel of record for CryoLife, shall be entitled to retain copies of any Opinion containing any Confidential Information of Tenaxis that is not in the public docket file. All such material shall remain subject to the terms of this Order.

20.    This Order may be amended ~~without leave of Court~~ by the agreement of counsel for the Parties in the form of a stipulation **and proposed order** that shall be filed in this action.

21.    This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an order of the Court. **For a period of six months after the final termination of the German Action, including any appeals, this court shall retain jurisdiction to enforce the terms of this order.**

///
///

**Stipulated and Agreed to:**

Dated: February 23, 2009          By:      /s/ William F. Long
                                           Attorney for Petitioner
                                           CryoLife, Inc.


Dated: February 23, 2009          By:      /s/ Susan M. Spaeth
                                           Attorney for Respondent
                                           Tenaxis Medical, Inc.

**PURSUANT TO STIPULATION (AS MODIFIED BY THE COURT),**
IT IS SO ORDERED, this  16  day of ~~February~~ March, 2009.

_____
Howard R. Lloyd
United States ~~District~~ Magistrate Judge

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYOLIFE, INC., | Case No. C 08-05124 HRL |
| Petitioner, | |
| v. | |
| TENAXIS MEDICAL, INC, | |
| Respondent. | |

I, _____, hereby declare that:

1. I have carefully read and understand the Protective Order (the "Order") of the United States District Court, Northern District of California, in the above-captioned matter.

2. I submit to the personal jurisdiction of this Court for the limited purpose of enforcement of this Order.

3. I agree that I will be bound by and will comply with all of the provisions of the Order and I will make no disclosures of Confidential Information to any person who is not permitted to have access to such Confidential Information by the Order, as applicable.

4. Upon final determination of *CryoLife, Inc. v. Tenaxis Medical, Inc*., filed on October 30, 2008, in the Düsseldorf Regional Court ("the German Action") including appeals, I will destroy all Confidential Information received by me within sixty (60) days after issuance of the final order, or I will return such Confidential Information within sixty (60) days to Tenaxis. If I destroy such Confidential Information, I will certify such destruction to counsel for Tenaxis.

1    5.    I understand that a violation of this undertaking is punishable as a contempt of
2  Court.
3    6.    I declare under penalty of perjury under the laws of California that the foregoing is
4  true and correct.

Executed on:                                    _____
                                                [Signature]

                                                _____
                                                [Print or Type Name]

                                                Title: _____

                                                Business Affiliation: _____

                                                Address: _____

                                                Phone: _____

_____
PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DOCUMENTS                            10
Case No. C 08-05124 HRL