*E-FILED 5/5/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRYOLIFE, INC.,<br><br>    Petitioner,<br>  v.<br><br>TENAXIS MEDICAL, INC.,<br><br>    Respondent. | No. C08-05124 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO COMPEL; AND (2) DENYING PETITIONER'S MOTION FOR SANCTIONS**<br><br>[Re: Docket Nos. 35, 37] |

    Pursuant to 28 U.S.C. § 1782, petitioner Cryolife, Inc. ("Cryolife") filed the instant ancillary proceeding[1] to obtain certain document and deposition discovery from respondent Tenaxis Medical, Inc. ("Tenaxis") for use in Cryolife's patent infringement suit against Tenaxis in Germany. There, Cryolife claims that Tenaxis infringes European patent number EP 0 650 512 (the "'512 patent"), which concerns a type of tissue adhesive used in surgery. Cryolife's infringement claims are based upon Tenaxis' ArterX Vascular Sealant ("ArterX") product, which is sold in Germany. This court granted Cryolife's petition, with a limitation on the requested sales and marketing-related information that is not at issue on the instant motion to compel.

---

[1] Because this is a miscellaneous action, the case will be administratively closed. The administrative closure signifies only that this matter is not litigation pending in this district. It will not prevent the parties from filing documents or seeking appropriate relief of this court.

1   Tenaxis produced documents and also produced its Chief Operating Officer, David
2   Smith, for a Fed.R.Civ.P. 30(b)(6) deposition.  Cryolife now says that Tenaxis failed to comply
3   with this court's order by refusing to provide complete information about the final composition
4   of ArterX.  Tenaxis says that it fully complied with this court's prior discovery order (and then
5   some) – at least, insofar as it understood Cryolife's requests.  Nevertheless, Tenaxis is willing to
6   conduct a further search for documents, provided Cryolife says exactly what it wants.  Here,
7   Tenaxis contends that Cryolife's motion papers indicate that Cryolife will not be satisfied short
8   of receiving everything under the sun pertaining to ArterX.  Indeed, while Cryolife's motion
9   papers purport to seek limited discovery of "sufficient" documents, petitioner now broadly
10  requests "sufficient documents or portions thereof to *encompass all known information about*
11  *the final composition of ArterX.*"  (Mot. at 10) (emphasis added).  However, at the motion
12  hearing, when pressed by the court to identify precisely what information is sought, Cryolife
13  stated that it wants to know (a) the chemical composition and structure of the modified
14  glutaraldehyde component in the final ArterX composition (i.e., what does that component
15  change into in the final composition?);[2] and (b) the proportions of each component in the final
16  product by weight.

17  This court agrees that the information Cryolife now says it wants is broader and more
18  detailed than the discovery Cryolife apparently sought in its original requests.  While Tenaxis
19  objects that information about any Tenaxis' patents and third-party business relationships is
20  entirely irrelevant, there appears to be no serious dispute that the information now sought by
21  Cryolife as to the technical details of the ArterX composition are pertinent to the issues in the
22  German action.  At oral argument, Tenaxis indicated that it may have some additional
23  information (albeit no product specifications) as to the particular component in question.  It
24  further stated that it is willing to conduct a further search for any responsive documents that
25  might exist.  And, before the instant motions were filed, Tenaxis had already agreed to produce

---

[2]   Because Tenaxis claims that the term used to refer to this particular component is confidential, it will be referred to only generically here.

2

another Fed.R.Civ.P. 30(b)(6) designee – Dr. Dieck, its President and CEO – for a further deposition in Palo Alto as to the technical details of ArterX.

Accordingly, Cryolife's motion to compel is granted as follows: Tenaxis shall produce documents sufficient to show the chemical composition and structure of the modified glutaraldehyde component in the final ArterX composition and, specifically, what that component changes into in the final composition. To the extent it has not already done so, Tenaxis shall also produce documents sufficient to show the proportions of each component in the final product by weight.[3] If any responsive documents exist, they shall be produced **no later than May 19, 2009**. Tenaxis' additional Fed.R.Civ.P. 30(b)(6) deponent shall also be prepared to testify as to the technical details of ArterX starting materials and final composition, including the additional information now being ordered produced.

If Cryolife did not get all the documents and testimony it sought in the detail it desired the first time around, it is because Cryolife did not word its original petition in a way that clearly conveyed the information it now says it really wants. On the record presented, this court finds that sanctions are unwarranted, and Cryolife's motion for sanctions is denied in its entirety. As for the further deposition of Tenaxis, based on representations made at the motion hearing, this court trusts that the parties and their counsel will deal with one another reasonably and in good faith.

SO ORDERED.

Dated: May 5, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] At the motion hearing, Cryolife stated that Tenaxis has not produced complete information as to the proportions of each component in the final product by weight. The record indicates that Tenaxis has provided information about the percentage weight by volume for certain constituents in each of the two barrels of the double-barreled syringe. (See Mot. at 10 n.10; Spaeth Decl., Ex. 9).

3

1  **5:08-cv-5124 Notice electronically mailed to:**

2  Kristin Elizabeth Goran kristin.goran@sablaw.com

3  Michael Andrew Taitelman mtaitelman@ftllp.com

4  Susan Marie Spaeth smspaeth@townsend.com, avmorjig@townsend.com

5  William Franklin Long , III bill.long@sablaw.com

6  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.